IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel. )
JOECEPHUS MITTS #20020042792, )
                              )
            Petitioner, )
                              )
      v.                      )   No. 05 C 3306
                              )
MICHAEL F. SHEAHAN, SHERIFF )
COOK COUNTY JAIL, )
                              )
            Respondent. )

MEMORANDUM ORDER

On June 3, 2005 Joecephus Mitts ("Mitts") submitted two self-prepared documents: a Petition for Writ of Habeas Corpus ("Petition") and an accompanying In Forma Pauperis Application ("Application").[1] This Court has conducted the preliminary review of those documents called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and it finds that the Petition must be dismissed as premature.

Before this memorandum order turns to that subject, however, a word should be said about the Application. Although the printout attached to the Application, reflecting the transactions in Mitts' trust fund account at the Cook County Jail (where Mitts is in custody), shows a current zero balance, it also reflects

---

[1] "Self-prepared" is employed in the sense that Mitts has used the forms of Petition and Application supplied by this District Court's Clerk's Office for use by persons in state custody, completing the forms in handwriting.

regular credits to the account in the past (the monthly deposits during the past six months have averaged $116.81). Because the fee for a 28 U.S.C. §2254[2] petition is only $5, the Application for in forma pauperis treatment is therefore denied, and Mitts is ordered to pay the $5 fee within 28 days.

As for the Petition, it discloses that Mitts has been awaiting a new trial for several years since his original conviction was reversed by the Illinois Appellate Court for the First District back in December 2001 (127 Ill.App.3d 1, 762 N.E.2d 590), after which the Illinois Supreme Court had denied leave to appeal on April 3, 2002 (reported in table, 198 Ill.2d 627, 770 N.E.2d 223), though Mitts does not reveal whether he or the State of Illinois had sought such leave. Petition Part III, which calls for a statement of the Section 2254 petitioner's claims, indicates that at least some of the intervening delay was occasioned by what Mitts calls a "behavior clinic exam," and it further reflects some changes in the counsel representing him: Most recently (on May 17 of this year) the lawyer who had been appointed to represent him after the withdrawal in 2004 by the Public Defender's Office has also withdrawn from representation.

Federal courts are not of course a primary refuge for persons who may view themselves as disadvantaged by state

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

2

criminal law or criminal procedures. Because Section 2254(a) is available to grant relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," Section 2254(b)(1) goes on to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In this instance Mitts' basic complaints are (1) that he is being held in violation of the Illinois Speedy Trial Act (725 ILCS 5/103-5) and (2) that his former lawyers have provided him with ineffective assistance in that respect, although (3) he also voices a somewhat unclear complaint about one aspect of the handling of his case by one of the Circuit Court judges. But his difficulties in Section 2254 terms are that the first of those grievances does not qualify under Section 2254(a), while as to the others he simply has not exhausted his available state remedies (in addition to which the judge enjoys absolute judicial immunity).

Because then "it plainly appears from the petition and any

3

attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4), the same Section 2254 Rule requires dismissal of the Petition. This Court so orders, but this dismissal does not relieve Mitts from the previously-ordered obligation to pay the modest $5 filing fee.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: June 9, 2005